```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

SANDRA MCWILLIAMS,

      Plaintiff,

v.                                          Case No. 8:22-cv-1047-VMC-JSS

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

## ORDER

This matter comes before the Court upon consideration of Plaintiff's Unopposed Petition for EAJA Fees pursuant to 28 U.S.C. § 2412(d) (Doc. # 29), filed on July 25, 2023. As set forth below, the Court grants the Motion and awards $8,428.99 in attorney's fees and $12.00 in paralegal fees.

### I. Eligibility for Award of Fees

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

1

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

### A.   Prevailing Party

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 27-28). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

### B.   Timely Application

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met here. This case was remanded upon

order of this Court on May 19, 2023, and Judgment was entered the same day. (Doc. ## 27-28). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party had 60 days to file an appeal. The Judgment therefore became final as of July 18, 2023, and this request for attorney's fees was presented within thirty days of that date. Thus, the application is timely filed.

### C. Claimant's Net Worth

Plaintiff states that her net worth was less than $2 million at the time this action was filed (Doc. # 29 at 2), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### D. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063-MCR, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the

3

Court finds that the government's position was not substantially justified.

### E. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that weigh against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

## II. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A)(ii).

Here, Plaintiff requests an award of $8,428.99 in attorney's fees, representing 35.6 attorney hours total at an average hourly rate of $236.25 for hours billed in 2022 and $241.25 for hours billed in 2023. (Doc. # 29 at 3). The Court determines the requested hourly rate is appropriate. Notably, the Commissioner does not oppose Plaintiff's proposed hourly

4

rate. Thus, the Court will adopt the proposed rate. The Court also determines that 35.6 hours of attorney time is reasonable in this case. Therefore, the Court finds the requested fee of $8,428.99 to be reasonable.

Likewise, Plaintiff requests 0.20 hours of paralegal time, billed at a $60 hourly rate. (Doc. # 29-1 at 19). The Court determines that both the amount of time and the hourly rate are reasonable. See Moser v. Comm'r of Soc. Sec., No. 8:19-cv-1829-JSS, 2020 WL 13411948, at *2 (M.D. Fla. Dec. 30, 2020) ("Courts in this District have recently found $75 per hour to be a reasonable rate for paralegal services."). Thus, the Court finds the $12.00 in paralegal fees reasonable.

### III. **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Here, Plaintiff has assigned the EAJA payment to her attorneys. (Doc. # 29 at 3). The parties agree that after the Court grants the motion for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government. (Id.). "If the U.S. Department of the Treasury determines

5

that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." (Id.). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Unopposed Petition for EAJA Fees pursuant to 28 U.S.C. § 2412(d) (Doc. # 29) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $8,428.99 in attorney's fees and $12.00 in paralegal fees.

(3) Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of July, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE